## LAWSON v. ANDERSON & KERR DRILLING CO.

No. 27816.   April 19, 1938.

Rehearing Denied Nov. 15, 1938.

Application for Leave to File Second Petition for Rehearing Denied Dec. 13, 1938.

Mike Foster, for plaintiff in error.

Hudson & Hudson, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Oklahoma county sustaining demurrer to the plaintiff's evidence and rendering judgment thereon, in an action brought by the plaintiff in error, for herself and two minor children, to recover damages for the death of her husband. The parties retain their position as in the trial court, and will be referred to as plaintiff and defendant, respectively.

The defendant was servicing an oil well in the Oklahoma City field and employed the deceased, Wm. S. Lawson, and one Baird, who was in charge at the time the accident occurred. The usual equipment was on the lease, and the well was equipped with a master gate to control the flow of oil and gas. In the "doghouse" was a small, homemade stove, placed there by the Delton Oil Company, former operators of the well.

The evidence showed that when Baird and Lawson went to work, on the afternoon of September 10, 1935, the master gate was closed. Between 8:30 and 9:00 p. m. an explosion and fire occurred, resulting in the death of both men. The evidence further showed that immediately after the fire, gas was escaping from the well, and the master gate had to be closed. The testimony of one witness was that he stepped into the doghouse after the explosion, found the stove burning, and turned it off. The evidence also showed that a ladle used in heating babbitt, and a piece of equipment which required re-babbitting from time to time during servicing of a well, were found in the doghouse after the fire.

The plaintiff's theory of the case was that the defendant was guilty of negligence in not having a control head on the well to prevent gas escaping, and that there was negligence in failing to furnish safe instrumentalities with which to work, the fire resulting from the gas explosion being caused by the lighted stove some 50 feet from the well, the stove presumably having been lighted in furtherance of these men's employment.

At the close of the plaintiff's evidence the trial court sustained a demurrer interposed by the defendant, and the plaintiff appeals on the theory the evidence was sufficient to make it more probable the accident occurred in the manner alleged, and by reason of defendant's negligence, and it was error to sustain defendant's demurrer.

The argument supporting this is presented under four subdivisions, the first of which is, gas is a dangerous instrumentality, and in its use the master is held to a higher degree of care than in the use of an ordinary instrumentality. Inasmuch as this court has declared that such is the proper measure of care to be exercised, there is no issue with this point of plaintiff's argument. See Julian v. Sinclair Oil & Gas Co., 168 Okla. 192, 32 P.2d 31.

The three remaining subdivisions of argument may well be considered together. These are:

(1) That after disregarding evidence tending to sustain a defense, if there is any evidence from which inferences favorable to the plaintiff may be drawn, the court cannot withhold from the jury the right to pass on the facts to be deduced from such inferences.

(2) When there is doubt as to which of several probable causes produced the injury, then the cause of the injury is for the jury to determine.

(3) All the plaintiff had to do was to make it appear more probable the injury came from the defendant's negligence, and this could be drawn from circumstantial evidence.

The evidence showed the stove was not burning and the master gate was closed at the time Baird and Lawson went on duty, but after the fire the stove was burning, gas escaping, and the master gate was open. From this proof it is reasonable to infer the master gate was opened and the stove lighted by one of these men after they went on duty, and it was in this manner the accident occurred.

Having established the master gate was open and the gas escaping from the well caused the explosion, we will next discuss the evidence as to the open stove close to the well, which the plaintiff contends was a dangerous instrumentality. This stove, a homemade affair, was upon the premises when the defendant took over the well.

The evidence was that after the fire a piece of equipment, known in oil field par-

lance as a "stinger," which was used in servicing the well and which had to be re-babbitted at intervals, was found in the doghouse. Further, although the testimony was conflicting as to whether it was upon the stove or lying upon the floor nearby, it was shown there was a ladle used in melting babbitt, and it contained some babbitt.

It is from this circumstance alone the plaintiff attempts to conclude the fire was the master's fire, lighted by or under the direction of Baird, the driller in charge, for the purpose of making repairs in furtherance of their employment.

Here the plaintiff's case fails, by reason of the fact the inference the fire was lighted in order to perform the defendant's work must necessarily be drawn from the sole circumstances of finding these two instrumentalities, the ladle and the "stinger," in the places where they were found immediately after the fire. Here the evidence leaves the realm of probability and takes flight into the thin air of possibility. The true facts as to what really happened will never be known, hence what really transpired must necessarily be determined from speculation.

As said in Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P.2d 226, paragraph 9 of the syllabus:

"An inference of negligence must be based upon something other than mere conjecture or speculation, and it is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence."

See, also, Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P.2d 908; Okmulgee Gas Co. v. Kelley, 105 Okla. 189, 232 P. 428, and Lowden v. Van Meter, 181 Okla. 210, 73 P.2d 424.

It was not necessary the plaintiff's evidence exclude every other conclusion, but it was necessary it be of sufficient force to make it more probable there was negligence on the part of the defendant, which resulted in this unfortunate occurrence; in other words, to make it appear more probable this accident came more from the defendant's negligence than from any other cause. The evidence, however, was not sufficient to do this. The mere presence of the two pieces of equipment used in the repair work did not establish the reason for the fire being lighted in the stove, but still left the reason to conjecture and speculation.

Tragic though this unfortunate happening was, we cannot declare a rule of law to fit the circumstances, which would necessarily have to be evolved from speculation as to what really happened. From very careful consideration of the evidence, and by application of rules of law heretofore announced by this court, we conclude that the action of the trial court in sustaining the demurrer to the plaintiff's evidence was correct.

Judgment is therefore affirmed.

OSBORN, C. J., and WELCH, PHELPS, and GIBSON, JJ., concur. BAYLESS, V. C. J., and RILEY, HURST, and DAVISON, JJ., dissent.