SHAYLER et al. v. WEST.

No. 32659. April 23, 1947.

Rehearing Denied Oct. 21, 1947.

Second Petition for Rehearing Denied Nov. 13, 1947.

*185 P. 2d 957.*

Looney, Watts, Fenton & Billups, of Oklahoma City, for plaintiffs in error.

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, for defendant in error.

RILEY, J. This is an appeal from a judgment based on a jury's verdict in an action for damages for personal injuries resulting from a collision on the highway.

On June 18, 1945, at about 5:30 p.m., defendant in error, plaintiff below, was an occupant and guest in an automobile driven by her father, C. C. Tanquary. From the north, the car approached the intersection of Highways 66 and 77, three miles east of Edmond. After entering the intersection, an attempt was made by the driver of the car to turn left on Highway 66 toward the town of Arcadia. At that time, defendant's semi-trailer truck, of the gross weight of 36,500 pounds, operated by Tom Risenhoover, moved toward the west on Highway 66. There was evidence that its speed was excessive. The truck was driven across the center line of the highway in an attempt to avoid the car. The truck collided with the car when it was near the center of the intersection. The car was propelled to the southwest corner of the highway.

The plaintiff sustained serious and permanent injuries.

No issue is made as to the amount of the judgment or the sufficiency of the evidence to sustain it.

Plaintiff below based her action on allegations of negligence in defendants' operation of the truck at an excessive rate of speed, to wit, 50 miles per hour, in such manner that the driver of the truck could not stop within the clear distance ahead, and in operating the truck to the left of the center of the highway, all in violation of the rules of the road.

Defendants plead contributory negligence, lack of primary negligence, and that the collision was the result of an unavoidable accident.

After judgment and appeal, M. Thurman Shayler, guardian of Warren G. Shayler, was substituted as one of the plaintiffs in error.

The sole issue presented on appeal relates to the giving and the refusal to give certain instructions.

In this connection, it appears that there was failure at the trial to comply with the provisions of Title 12, O.S. 1941 § 578, in that exceptions to the instructions given were not properly saved.

Complaint is made of instructions 9, 10, 11, and 18, given by the court. No exceptions whatever were made as to instruction 18. On the margin of instruction 9 and at the end of instructions 9, 10, and 11, there is a notation that "Deft. except".

The provisions of statute, supra, require that exceptions to instructions shall be signed by the judge. No such signature appears.

In Clark v. Cherokee County ex rel., 171 Okla. 177, 42 P. 2d 227, the provisions of statute were held to be mandatory and as late as National Tank Co. v. Scott, 191 Okla. 613, 130 P. 2d 316, this court made note of the valuable purpose served by the mandatory provisions of the statute, supra, and ruled that where exceptions are not saved to instructions, as required by the statute, this court will review such instructions only to determine whether they are free from fundamental error.

Under the rule stated, from our review of instructions 10, 11, and 18, we find no fundamental error contained in any of them. Instruction 18 properly sets forth the measure of damages; in-

struction 11 sets forth the rules of the road under the law of the state relating to right of way at intersections; instruction 10 relates to the duty of operators of motor vehicles to comply with safety provisions upon the highway as well as the right to assume and rely upon compliance with such safety provisions on the part of others.

Instruction No. 10 was given in view of the evidence relating to a stop sign located on Highway 77 near the intersection and the disputed fact whether the driver of the car in which plaintiff was riding observed it, as well as the sign, warning of traffic, erected on Highway 77 near where defendants' truck approached the intersection.

Instruction No. 9, in part, was admittedly applicable to the rate of speed of defendants' truck. By the second paragraph thereof, the jury was advised that the speed limit of such a semi-trailer truck, with a vehicle and load in excess of 20,000 pounds, was not to exceed 30 miles per hour.

However, it is urged that the trial court committed reversible error by also advising the jury, according to the statute (47 O. S. 1941 § 95), that the speed of vehicles or other objects operating under a special permit, the gross weight of which varies from 12 to 15 tons, is limited to 20 miles per hour.

It is contended that by such additional quotation from the statute contained in the instruction, the jury had before it two conflicting statements of the limit of speed governing defendants' truck, and that since the speed of defendants' truck in violation of the statute was relied upon as constituting negligence per se, the instruction as a whole constituted fundamental error.

Two reasons exist to indicate that the jury was not confused by the instruction as given. There was no evidence that defendants' truck was operating under a special permit. It was a regularly licensed commercial vehicle with a designated license tag for the year 1945. Moreover, the gross weight of defendants' truck was 18 1/4 tons as definitely established by the evidence. Therefore, excessive statements of the statute relating to the limit of speed of vehicles or other objects operating under special permit, but limited to gross weight of from 12 to 15 tons, did not relate to any vehicle within consideration of the jury. The instruction as given cannot be said to have submitted but one statutory limit of speed applicable to defendants' truck. Prather v. Butler, 180 Okla. 462, 70 P. 2d 106.

There was no fundamental error contained in instruction No. 9.

The trial court's refusal to give defendants' requested instruction No. 9, set forth in brief, is urged as error. The requested instruction relates to the right of way of vehicles upon highways protected by stop signs upon intersections. A review of the instructions given by the court will show that matters suggested by the requested instructions were fully and properly embraced within the instructions given by the court.

Also, in view of the prevailing rule that the negligence, if any, of the driver of a motor vehicle will not be imputed to a guest passenger, the requested instruction relating to the duty and omissions of the driver of the automobile was properly refused. St. Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 P. 336; Eagle-Picher M. & S. Co. v. Drinkwine, 192 Okla. 662, 141 P. 2d 66.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.