Cecil WRIGHT, Plaintiff in Error,

v.

Ed L. ERWIN, Administrator of the Estate of Sylvia Wright, Deceased, Defendant in Error.

No. 38345.

Supreme Court of Oklahoma.

Nov. 3, 1959.

Jack I. Gaither, Tulsa, John Q. McCabe, Cleveland, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

PER CURIAM.

In this case, plaintiff alleged that defendant is the duly appointed, qualified and acting administrator of the estate of Sylvia Wright, deceased; that on or about the 10th day of September, 1950, plaintiff was riding as a guest passenger in a 1953 Chevrolet pickup driven by Sylvia Wright, and was traveling east upon State Highway 15, approximately 4 miles north, and 9 miles west of Pawnee, Oklahoma, and that said driver carelessly and negligently drove the automobile across a concrete culvert and overturned it in a bar ditch, inflicting serious, permanent and painful body injuries upon plaintiff, for which he sought damages in the sum of $80,000, and costs of the action. The answer of the defendant was a general denial and, for further defense, stated in substance that the plaintiff, and not Sylvia Wright was driving, and if not, that at the time of the accident he attempted to obtain control of the vehicle by wresting its steering wheel from Sylvia Wright's possession, if she did at said time have control of it; that said act constituted the proximate cause, and if not, the contributing cause, of the accident.

The case was tried to a jury which returned a verdict for the defendant, and judgment was entered accordingly.

There seems to be very little dispute about the facts. Plaintiff Cecil Wright, and his son, Wayne Wright, and Sylvia Wright, Wayne's wife, on their return trip from Ponca City, were approximately 30 miles from their home, when the pickup truck, in which they were riding, ran off the highway, striking a culvert. Sylvia was killed; and plaintiff suffered the injuries for which this action was brought.

The only assignment of error presented by plaintiff in his present appeal is:

It was error for the court to give the jury an instruction on the defense of contributory negligence where there is no evidence to support the defendant's allegations of such defense. In support of this proposition, plaintiff cites Miller v. Price, 168 Okl. 452, 33 P.2d 624; McAllister v. Ealy, 98 Okl. 223, 225 P. 146, and other cases which support the rule upon which it is based.

The evidence reveals that the plaintiff noticed the pickup veering to the left, and that it kept on veering to the left, closer and closer to the shoulder, until it struck the culvert. The evidence further reveals that plaintiff drove the pickup to a point about 3 miles from where the accident happened; that Sylvia Wright was his daughter-in-law and was pregnant and tired, and, notwithstanding full knowledge of her condition, he then permitted her to drive. We find no fault with the rule of law cited by plaintiff, but it does not apply to this case. After thoroughly examining the record, we find therein sufficient evidence from which contributory negligence might have been inferred or presumed, and conclude that, on the basis thereof, the issue was for the jury. See Croft v. Dodson, Okl., 310 P.2d 375; Warren v. Layman, Okl., 267 P.2d 590. We therefore hold that the trial court was justified in instructing on contributory negligence.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

DAVIDSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BACKBIRD, JACKSON and IRWIN, JJ., concur.

BERRY, J., dissents.