**Peggy NEEDHAM, Plaintiff in Error,**

v.

**Dr. Lynn Henry HARRISON,**
**Defendant in Error.**

**No. 39090.**

Supreme Court of Oklahoma.

July 5, 1961.

Cargill, Cargill & Chiaf, by John Chiaf, Oklahoma City, for plaintiff in error.

Savage, Gibson, Benefield & Shelton, by Loyd Benefield, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an action for damages arising out of an automobile accident in which plaintiff, Mrs. Peggy Needham, sued defendant, Dr. Lynn Henry Harrison, and the verdict and judgment in the trial court were for defendant. Plaintiff appeals and here argues five propositions.

None of the propositions directly questions the general sufficiency of the evidence, and we will therefore notice only those portions of the evidence necessary to an understanding of the argument presented.

The first proposition is to the effect that it is reversible error to submit the question of contributory negligence to the jury, where contributory negligence is pleaded but no evidence tending to show contributory negligence is introduced by either party.

In the accident concerned, the car in which Mrs. Needham was riding was struck from the rear by Dr. Harrison's car. The Needham car had come down Northwest Highway in Oklahoma City in a southeasterly direction to the intersection of that street with Northwest 63rd Street, which runs east and west. Northwest Highway is a four-lane divided highway. The Needhams had pulled up into a position between the center medians of Northwest Highway and stopped, waiting for an opportunity to cross the two lanes of northwesterly-bound traffic on Northwest Highway, and proceed in an easterly direction on Northwest 63rd Street. There is no evidence that their car projected into the lines of traffic, either to the front or to the rear. They had been stopped a very short time when the right rear of their car was struck by the left front of the car driven by Dr. Harrison,

who intended to make the same turn. The severity of the collision is very much in dispute, as is the extent of the injuries suffered by Mrs. Needham. It is agreed that any possible negligence of Mr. Needham, the driver, is not to be imputed to Mrs. Needham, the passenger, under the circumstances here presented. It is further agreed that Mrs. Needham was under a duty to exercise ordinary care for her own safety. Mrs. Needham was sitting on the right side of the front seat, and the evidence is that she did not see the Harrison car before the accident. She did not look in the driver's rear-view mirror (there was no rear-view mirror for the passenger); and she did not turn around to look to the rear. We have carefully and thoroughly checked the record, and we are unable to find any evidence from which it might be inferred or presumed that she was contributorily negligent. Defendant says the evidence that the plaintiff did not see the Harrison car, did not look to the rear, and did not caution her husband, is evidence from which contributory negligence might be inferred or presumed. We are unable to agree. Mrs. Needham had no warning of approaching danger, and there was no particular reason for her to anticipate such. The Needham car was stopped, in a place where Mr. Needham had a right to stop it; in the exercise of caution, he was waiting for a break in the line of traffic moving northwesterly up Northwest Highway, so he could cross it and proceed in an easterly direction on 63rd Street. In any event we cannot conceive of any possible action that she might have taken which would have helped prevent the accident. Any appreciable movement of the Needham car forward would have caused it to project into the line of traffic which had caused the stop in the first place; and of course any movement to the rear would have made the situation worse instead of better.

Defendant quotes from Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732, and other cases, which set out the general rule that where contributory negli-

gence is made an issue, and there is any evidence introduced on the issue, the issue must always be submitted to the jury. This is admittedly a correct statement of the law, but it is not applicable here because, as we have seen, there was *no* evidence from which contributory evidence might be inferred or presumed. In the Stillwater Milling Co. case, the accident happened on a night that was dark, rainy and foggy; the car in which plaintiff was riding was being driven at an excessive speed; and there was evidence that the driver had been drinking. Here, the accident happened during the day; there was no evidence of bad weather conditions; and there was no evidence that Mr. Needham had been drinking. In short, there was nothing to alert Mrs. Needham to possible danger, or to require her, in the exercise of ordinary care, to take affirmative action for her own safety.

Defendant also says that Mrs. Needham knew that the "angle of the streets forming the intersection make it a rather unusual and somewhat dangerous one". However, intersections requiring less than a right-angle turn are now fairly common. Defendant also says that although traffic was "fairly heavy right at that particular moment", Mrs. Needham did not caution her husband at any time after they left Wedgewood Village (where they first entered Northwest Highway). But there was no evidence of excessive speed or careless driving by Mr. Needham requiring an admonition by his wife; furthermore, speed was not an element of this accident, since it occurred after the Needham car was legally stopped.

We hold that it was error to submit the question of contributory negligence to the jury under the facts in this case. See Kelly v. Employers Cas. Co., 202 Okl. 437, 214 P.2d 925, 926, wherein the court said:

"It is error to submit to the jury the question of contributory negligence where no evidence tending to show contributory negligence has been introduced by plaintiff or defendant."

In view of the conclusion reached above, it is unnecessary to discuss plaintiff's remaining propositions.

The judgment of the trial court is reversed with directions to grant plaintiff a new trial.