Felix John MOUSER, Plaintiff in Error,

v.

Eva TALLEY, Defendant in Error.

No. 39817.

Supreme Court of Oklahoma.

Oct. 2, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Robert L. Shepherd, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

John L. Ward, Jr., by Robert G. Brown, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff, Eva Talley, was a guest in the automobile of defendant, Mouser, on March 18, 1956. The occupants of the car were on their way to church. The car was going west on U. S. Highway 64, which is a four-lane street near Tulsa, Oklahoma. As the car approached 75th West Avenue, the car was in the inner lane and stopped at the intersection until traffic cleared in the eastbound lanes so that defendant could make a left turn. After stopping, defendant made the left turn and was struck by a car driven by one Gary Wall, which car was east bound. It was dark, and both cars had headlights burning. Wall was never served with process and is not a party to this appeal. Plaintiff recovered a judgment against defendant for $8,000.00 by jury verdict, and this appeal followed.

In her petition plaintiff alleges that defendant was negligent in making a left turn when by the exercise of ordinary care he could have seen the Wall car approaching at a high and dangerous rate of speed.

To this petition the answer pleaded unavoidable accident, intervening negligence of Wall and contributory negligence of plaintiff. The last plea is the sole ground of complaint in so far as the issue of negligence is involved herein.

This complaint is submitted in alleged error of the trial court in refusing to give defendant's Requested Instructions 1, 2 and 3. This complaint centers largely around No. 2, and we deem it unnecessary to incorporate the other requested instructions. Requested Instruction No. 2 reads as follows:

"DEFENDANT'S INSTRUCTION 2

"You are instructed that a person riding as a passenger in an automobile being driven by another must use ordinary care for his own safety and, when the exercise of such care requires that he call the attention of the driver to approaching danger or the reckless manner in which the automobile is being driven, he must do so, and his failure to so caution the driver is negligence. If you find that the plaintiff failed to exercise this duty in this case, and her failure contributed in any degree to the accident and her resulting injuries, then she cannot recover and your verdict must be for the defendant.

/s/ W. Lee Johnson

JUDGE

"GIVEN:
"REFUSED: X
"EXCEPTION ALLOWED:"

The trial court refused to give this instruction, and such refusal is submitted as error. In order to resolve this contention, it is necessary to review a portion of the evidence.

It is established beyond dispute that the defendant Mouser was driving the car, and that his wife was in the front seat with him; that plaintiff and another party named Daisy Hibbard were in the rear seat. The evidence further disclosed that the car stopped in the left hand westbound lane at the intersection awaiting a clearance of the traffic in the eastbound lanes. When the car started to turn left, Mrs. Mouser, defendant's wife, testified:

"Q. (By Mr. Shepherd) Was there any question in your mind at that time—

"A. (Interrupting) No, I don't think—

"Q. (Continuing) —that there was plenty of time to make the turn?

"A. I don't think—

"MR. WARD: Object to it, leading and suggestive.

"THE COURT: Overruled.

"A. I didn't worry about it.

"Q. (By Mr. Shepherd) Now, as you turned on your turn and across the road, did you continue to watch this car?

"A. Yes, I did.

"Q. Did you say anything then?

"A. I said 'Honey'—I said, 'Honey, hurry, it's going to hit us.'

"Q. That's after you made your turn?

"A. We were practically—we were straight across, and I could see it was coming real fast. We were already turned."

The defendant, Mr. Mouser, testified:

"Q. I see. At that time, as you started to make your left turn, did you have a judgment as to where that car was?

"A. Well, I thought it must be a block away, just in my estimation. I thought it must be.

\* \* \* \* \* \*

"Q. As you continued to watch it, were you able to form a judgment as to how fast it was coming towards you?

"A. I actually didn't continue to watch it. This road that we were turning off was narrow dirt road and I was watching that I hit that, and I thought I had plenty of time, the way I had judged it.

"Q. All right, sir. And when did you next see this car that was coming towards you?

"A. When my wife said, 'Felix,' or 'Honey, that car is going to hit us,' I looked up."

The plaintiff testified as follows:

"Q. Now, that's about a four lane highway out there, isn't it?

"A. Yes. And we stopped 'til the—

"Q. (Interrupting) All right, go ahead.

"A. (Continuing)—'til the traffic got by, which was two or three cars, and he started to make his turn and when he started to make the turn, well, Mrs. Mouser screamed and I looked up and seen a car a coming toward us, and I looked over at the front of the car to see

how much we lacked to being off the pavement.. There was a car hit us.

"Q. All right. Mrs. Mouser did scream; it that right?

"A. Yes, as we started to turn."

It will be thus seen that there is no dispute or disagreement about the protest made by Mrs. Mouser. It is the contention of defendant that because of the failure of the plaintiff to protest that the contributory negligence instruction should have been given. It is obvious that as long as the car was standing still, it was not the duty of anyone to protest. When it started, the interval of time until it arrived on the highway eastbound lane must have been extremely short. Immediately Mrs. Mouser protested.

In the case of Miller v. Price, 168 Okl. 452, 33 P.2d 624, the first paragraph of the syllabus by the court reads:

"Section 6, art. 23, of the Constitution, provides that the defense of contributory negligence shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. Held, that, where the defendant has pleaded contributory negligence, but has introduced no evidence which tends to show contributory negligence on the part of plaintiff, and a review of all the evidence introduced in the case and all inferences which may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, in such case the defense of contributory negligence as contemplated in the constitutional provision has not been presented, and it is error for the trial court to submit to the jury an instruction thereon."

█ If, therefore, there is no evidence justifying the giving of a contributory negligence instruction, it not only should not be given, but it is reversible error if given. The question therefore resolves itself into the question: If one of a group, which is under duty to protest the manner of driving,

does so protest, is the plaintiff, a member of such group, under a duty to likewise protest? As far as we have been able to ascertain, this is a new question in this jurisdiction; however, we are not without authority from other courts.

■ In the case of Huston v. Robinson, 114 Neb. 553, 13 N.W.2d 885, the following appears in the opinion:

"In considering the evidence before us it must be borne in mind that plaintiff was not driving the car in which he was riding. He was sitting in the seat behind the driver on the opposite side of the car. As the car approached the crest of the hill and the dust condition became more noticeable, the passenger sitting beside the plaintiff warned the driver of the danger and suggested that the car be slowed down. The evidence is that the driver thereupon reduced his speed from 30 to 25 miles an hour. As the dust became thicker the same passenger suggested that the speed be further reduced and the driver complied by reducing the speed to 20 miles an hour. The driver having been fully warned of the dust condition by one of the passengers, the others were clearly under no obligation to do more. It seems to us that plaintiff under the circumstances shown was not guilty of any negligence."

In Boyce v. Black, 123 W. Va. 234, 15 S.E.2d 588, the third paragraph of the syllabus by the court reads:

"Where one of two or more passengers riding in an automobile, which is being negligently driven, actually protests in an audible tone of voice against the negligent conduct of the driver, the fellow passenger or passengers are relieved from any duty to protest."

Again, in Ragland v. Snotzmeier, 186 Ark. 778, 55 S.W.2d 923, the sixth syllabus reads:

"Where one of two invited guests in an automobile protested against the driver's excessive speed, the other guest, hearing the protest and the driver's reply, was not required to caution the driver."

■ Not only do we think the above represent the proper rule, but the element of time has to be considered. We are of the opinion and hold that the evidence shows such a short period of time between the starting of the car and the collision that the failure of the guest cannot be held to be contributory negligence warranting the submission of the question to the jury.

We are further of the opinion that the rule announced in the 7th paragraph of the syllabus in Koepke v. Miller et al., 241 Wis. 501, 6 N.W.2d 670, is applicable here:

"Where automobile guest sought recovery from motorist host for injuries sustained in railway crossing collision, finding that host's negligence did not persist long enough to give guest opportunity to protest exonerated guest from contributory negligence in not warning host that a train was on the crossing."

The evidence in this case shows such a short period of time between the starting of the automobile and the collision that we hold the above rule applicable.

■ The second contention of the defendant deals with the sufficiency of the medical testimony to establish that the accident was the proximate cause of the injuries suffered.

Dr. Averill Stowell, a qualified neurosurgeon, examined plaintiff June 7, 1956, and again saw her June 25, 1956. She was in the hospital nineteen days, and the hospital records were produced in evidence. Dr. Stowell testified that stitches were taken in the right side of the head; that she had a shaking tremor of outstretched hands and a limitation of motion in bending her head. He stated that instead of the normal curve of the spine, there was a straight line; that the electroencephalogram disclosed some abnormality in the left side of the brain. He testified that these

findings were compatible with the history of the accident involved. The hospital records also sustain the conditions to be a result of the accident.

We therefore hold the medical testimony to be sufficient to sustain the verdict.

The last contention of the defendant concerns the excessiveness of the verdict. The following are uncontroverted facts:

1. Plaintiff was in the hospital nineteen days. Her medical bills were in excess of $500.00.

2. She was earning $35.00 per week in her employment, and her testimony was that she was unemployed for approximately three years, or a loss of about $5,500.00.

3. That the above was in addition to any pain, suffering or loss of physical capacity.

We are therefore of the opinion and hold that the verdict of $8,000.00 was not excessive.

Judgment affirmed.