UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JUAN OSTEGUIN,

          Plaintiff - Appellant,

    v.

SOUTHERN PACIFIC
TRANSPORTATION COMPANY,
a corporation,

          Defendant - Appellee.

No. 96-1473

ORDER

Filed May 21, 1998

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

Appellee's motion to publish the order and judgment filed on February 11, 1998, is granted. The published opinion is attached to this order.

Entered for the Court

Patrick Fisher
Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

FEB 11 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JUAN OSTEGUIN,

        Plaintiff - Appellant,

   v.

SOUTHERN PACIFIC
TRANSPORTATION COMPANY,
a corporation,

        Defendant - Appellee.

No. 96-1473

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 95-WY-617-AJ)

---

Norman R. Mueller, Haddon, Morgan & Foreman, P.C., Denver, Colorado
(Rachel A. Bellis, Haddon, Morgan & Foreman, P.C., Denver, Colorado, and
Marc J. Kaplan, Rossi, Cox, Kiker & Inderwish, P.C., Aurora, Colorado, with him
on the briefs), for Appellant.

Steven E. Napper (Robert N. Belt with him on the briefs), Southern Pacific
Transportation Company, Denver, Colorado, for Appellee.

---

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

**ANDERSON,** Circuit Judge.

---

Juan Osteguin, a railroad worker employed by Southern Pacific Transportation Company ("the railroad"), appeals from the district court's order denying him a new trial on his claims against the railroad under the Federal Employers' Liability Act ("the Act"), 45 U.S.C. §§ 51-60, for injuries he suffered in two separate incidents while an employee of the railroad. We affirm.

## BACKGROUND

On April 3, 1992, Osteguin was working as a laborer in the railroad's Denver repair facility, cleaning the decks of locomotives after the engine had been removed. To clean the deck,[1] Osteguin would step down into it, shovel debris and sludge into buckets, and carry the waste to a dumpster; then, he would wash the deck with hot pressurized water using a "hotsy," a manually-operated wand much like that used in a self-service car wash. While using a hotsy and wearing only leather work boots rather than rubber boots or booties, Osteguin severely burned his left foot.[2] Osteguin asserts that he reacted to this injury by "jerking backwards" and thus injured his back as well.

---

[1] The "deck" of the locomotive is essentially the oil pan, and is sometimes referred to as a "sump" or "plate." Appellee's Answer Br. at 2 & n.1.

[2] At trial, Osteguin testified that he did not remember how he burned his foot, but that it is impossible to wash the deck without getting water on your feet. Trial Tr. Vol. I, Tab 3 at 6-7, 15-16. Pablo Mascarenas, the chairman of Osteguin's local union, testified in his deposition that Osteguin told him he was washing a part and got distracted, and the wand came right over his boot. Trial Tr. Vol. II, Tab 16 at 8, 12.

After a recovery period, Osteguin was cleared for light duty and returned to work. Because no light duty was available at the repair facility, he returned to his job as a laborer. Then, on November 16, 1993, Osteguin suffered a second injury, again while cleaning the deck of a locomotive but this time wearing rubber boots. As he attempted to unclog the deck's drain prior to washing the deck, Osteguin slipped and fell, re-injuring his back. Although he returned to work for a short period after the accident, Osteguin now asserts that his medical condition prevents him from continuing in his job as a laborer.

Mr. Osteguin brought an action against the railroad under the Act, asserting that the railroad negligently caused the 1992 injury by failing to provide him with protective footwear such as rubber boots or booties,[3] and negligently caused the 1993 injury by failing to provide reasonably safe working conditions for the job of washing the locomotive deck. In response, the railroad raised the affirmative defense of contributory negligence and argued that Osteguin's own inattention caused his 1992 injury. As to the 1993 injury, the railroad admitted that the job of cleaning the locomotive deck was dangerous but asserted there was no better way to perform the job, and alleged that Osteguin's own inattention and failure to work in a careful manner caused the injury.

---

[3]Although the railroad did provide rubber booties to employees cleaning the locomotive decks, Osteguin asserts that none would fit over his size 12 boots. Appellant's Br. at 5, 28.

The case was tried to a jury, and, at the close of all evidence, Osteguin moved for judgment as a matter of law on the affirmative defense of contributory negligence as to the 1993 incident and also objected to the jury being instructed on that defense as to the 1993 injury, arguing that the railroad had provided insufficient evidence to justify submitting the issue to the jury. The district court denied the motion and overruled Osteguin's objection. The court also rejected Osteguin's proposed jury instructions regarding assumption of the risk and negligent job assignment.

Thereafter, the jury returned a verdict on a special verdict form, a copy of which is attached hereto. The jury found that the railroad was not negligent in either the 1992 or the 1993 incident, and answered no questions on the verdict form concerning causation or contributory negligence. After the jury returned its verdict, Osteguin moved for a new trial pursuant to Fed. R. Civ. P. 59, which the district court denied in September 1996. Osteguin filed a timely notice of appeal.

On appeal, Osteguin asserts that the district court committed reversible error in (1) instructing the jury on the issue of contributory negligence as to the 1993 incident; (2) refusing Osteguin's tendered instruction that assumption of risk is not a defense in FELA cases; (3) admitting the hearsay opinion of a nontestifying witness in the guise of expert testimony regarding the interpretation of MRI films of Osteguin's injury; and (4) refusing Osteguin's tendered

-4-

instruction that the railroad knew or should have known that its work assignment of Osteguin exposed him to an unreasonable risk of harm.

## DISCUSSION

The district court's decision on a new trial motion is reviewed under an abuse of discretion standard.  Weese v. Schukman, 98 F.3d 542, 549 (10th Cir. 1996) (noting, however, that "when the district court's decision [on a new trial motion] turns on an issue of law, we review the district court's determination on that question de novo").  We review decisions to admit or exclude evidence for abuse of discretion.  K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1155 (10th Cir. 1985).  We also review a district court's decision to give a particular jury instruction for abuse of discretion, United States v. Wolny, 133 F.3d 758, 765 (10th Cir. 1998); ultimately, however, we apply a de novo standard of review to determine the propriety of an individual jury instruction to which objection was made at time of trial.  United States v. Scarborough, 128 F.3d 1373, 1377 (10th Cir. 1997).

We are unpersuaded by Osteguin's first three arguments.  The jury specifically found that the railroad was not negligent; thus, even if one were to assume that the district court erred in instructing the jury as to contributory negligence, in rejecting Osteguin's tendered instruction regarding assumption of

the risk, or in admitting the MRI testimony, Osteguin has suffered no prejudice—hence, these three alleged errors are harmless.[4]   See United States v. Harmon, 996 F.2d 256, 258 (10th Cir. 1993) ("An erroneous jury instruction requires reversal only if, after review of the record as a whole, we determine the error to have been prejudicial." (quotation omitted)); K-B Trucking Co., 763 F.2d at 1156 (stating that even if the district court abuses its discretion by erroneously admitting particular evidence, the error is harmless if it does not prejudicially affect a substantial right of the party asserting error); see also Fed. R. Civ. P. 61.

Similarly, Osteguin's last argument, that the court erroneously rejected his tendered jury instruction that the railroad knew or should have known its work assignment of Osteguin exposed him to an unreasonable risk of harm, fails. Osteguin argues that the railroad negligently assigned him to work in both the 1992 and the 1993 incidents. Appellant's Br. at 28-29. First, as to the 1992 incident, Osteguin asserts that it was negligent for the railroad to assign him the job of cleaning the locomotive deck without providing him protective footwear.

_____

[4]Because the special verdict form was divided into clearly articulated subparts, there is no reason to question the common sense assumption that the jury proceeded logically to answer the questions in order, following the judge's instruction. See United States v. Hatatley, 130 F.3d 1399, 1405 (10th Cir. 1997) ("When reviewing a challenge to jury instructions, we consider the instructions as a whole and presume the jury followed those instructions."). Osteguin's assertion that the jury could not accurately answer the question of the railroad's negligence because it was confused by the inclusion of inappropriate instructions is not supported by any authority directly on point. See Appellant's Br. at 15-16.

-6-

Id. It is clear, however, that Osteguin suffered no prejudice by the court's rejection of his tendered instruction. In order to find that the railroad unreasonably assigned him this job without rubber boots or booties, the jury would have had to first find that it was unreasonable not to provide protective footwear for this job. The jury squarely rejected this argument when it found the railroad not negligent. See Appellant's App. at 35, 43, 87-88.

Second, as to the 1993 incident, Osteguin argues that the railroad negligently assigned him to return to work on the deck despite his injured back. Appellant's Br. at 29. Osteguin failed to raise this issue at trial, however, see Appellant's App. at 322, and therefore, we decline to address the issue on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992); Fed. R. Civ. P. 51.

AFFIRMED.

# SPECIAL VERDICT

We the jury duly empaneled and sworn to try the above entitled case
unanimously find as follows:

## APRIL 3, 1992, OCCURRENCE

QUESTION NO. 1: On or about April 3, 1992, was Southern Pacific
Transportation negligent in one or more of the particulars alleged by the
plaintiff, Juan Osteguin?

_____ Yes _____X_____ No

If you have answered "No" to Question No. 1, go to Question No. 7. If you
have answered "Yes" to Question No. 1, please proceed to Question No. 2.

QUESTION NO. 2: Did the negligence of Southern Pacific
Transportation cause or contribute to injury or damage to Juan Osteguin?

_____ Yes _____ No

If you have answered "No" to Question No. 2, go to Question No. 7. If you
have answered "Yes" to Question No. 2, please proceed to Question No. 3.

QUESTION NO. 3: On April 3, 1992, was the plaintiff Juan
Osteguin contributorily negligent?

_____ Yes _____ No

If you have answered "No" to Question No. 3 and "Yes" to Question Nos. 1
and 2, please proceed to Question No. 6. If you have answered "Yes" to Question
3, please proceed to Question No. 4.

QUESTION NO. 4: Did the contributory negligence of Juan
Osteguin cause or contribute to injury or damage to him?

_____ Yes _____ No

If you have answered "No" to Question No. 4, go to Question No. 6.  If you have answered "Yes" to Question No. 4, please proceed to answer Question No. 5.

QUESTION NO. 5:  Taking as 100% the combined negligence of all parties you find were negligent on April 3, 1992, and whose negligence was a cause of any of the plaintiff's injuries, damages or losses, what percentage of negligence for the occurrence on April 3, 1992, if any, was that of the defendant, Southern Pacific Transportation, and of the plaintiff, Juan Osteguin?

ANSWER:

Percentage attributable to Southern Pacific     _____%

Percentage attributable to Juan Osteguin     _____%

Must total     100%

Please proceed to the next question.

QUESTION NO. 6:  What amount, if any, do you find without any reduction for negligence, if any, on the part of Juan Osteguin will fairly and adequately compensate Juan Osteguin for any injury or damages he received in the occurrence on April 13, 1992?[*]
$ _____

Please proceed to Question No. 7.

**NOVEMBER 16, 1993, OCCURRENCE**

QUESTION NO. 7:  On November 16, 1993, was defendant Southern Pacific Transportation negligent in one or more of the particulars alleged by the plaintiff, Juan Osteguin?
_____ Yes      _____X_____ No

---

[*]Mistaken date in original.

If you have answered "No" to Question No. 7, please sign the Special Verdict and announce to the bailiff that you have reached a verdict. If you have answered "Yes" to Question No. 7, please proceed to Question No. 8.

QUESTION NO. 8: Did the negligence of defendant Southern Pacific Transportation cause or contribute to injury or damage to plaintiff Juan Osteguin?

_____ Yes          _____ No

If you have answered "No" to Question No. 8, please sign the Special Verdict and announce to the bailiff that you have reached a verdict. If you have answered "Yes" to Question No. 8, please proceed to Question No. 9.

QUESTION NO. 9: On November 16, 1993, was the plaintiff Juan Osteguin contributorily negligent?

_____ Yes          _____ No

If you have answered "No" to Question No. 9 and "Yes" to Question Nos. 7 and 8, please proceed to Question No. 12. If you have answered "Yes" to Question No. 9, please proceed to Question No. 10.

QUESTION 10[**]: Did the contributory negligence of Juan Osteguin cause or contribute to injury or damage to him?

_____ Yes          _____ No

If you have answered "No" to Question No. 10 and "Yes" to Questions 7 & 8, please proceed to Question No. 12. If you have answered "Yes" to Question No. 10, please proceed to answer Question No. 11.

QUESTION NO. 11: Taking as 100% the combined negligence of all parties you find were negligent on November 16, 1993 and whose

_____

[**]"No." omitted in original.

negligence was a cause of any of the plaintiff's injuries, damages or losses, if any, what percentage of negligence, if any, was that of the defendant Southern Pacific Transportation and of the plaintiff Juan Osteguin?

ANSWER:

Percentage charged to Southern Transportation _____%

Percentage charged to Juan Osteguin _____%

Must Total 100%

Please proceed to the next question.

QUESTION NO. 12: What amount do you find without reduction for negligence, if any, on the part of the plaintiff, will fairly and adequately compensate Juan Osteguin for any injury or damages he received in the occurrence on November 16, 1993?
$ _____

Appellant's App. at 87-90.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN OSTEGUIN,

      Plaintiff - Appellant,

    v.

SOUTHERN PACIFIC
TRANSPORTATION COMPANY, a
corporation,

      Defendant - Appellee.

No. 96-1473

(D. Colorado)

(D.C. No. 95-WY-617-AJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

Juan Osteguin, a railroad worker employed by Southern Pacific Transportation Company ("the railroad"), appeals from the district court's order denying him a new trial on his claims against the railroad under the Federal Employers' Liability Act ("the Act"), 45 U.S.C. §§ 51-60, for injuries he suffered in two separate incidents while an employee of the railroad. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

On April 3, 1992, Osteguin was working as a laborer in the railroad's Denver repair facility, cleaning the decks of locomotives after the engine had been removed. To clean the deck,[1] Osteguin would step down into it, shovel debris and sludge into buckets, and carry the waste to a dumpster; then, he would wash the deck with hot pressurized water using a "hotsy," a manually-operated wand much like that used in a self-service car wash. While using a hotsy and wearing only leather work boots rather than rubber boots or booties, Osteguin severely burned his left foot.[2] Osteguin asserts that he reacted to this injury by "jerking backwards" and thus injured his back as well.

After a recovery period, Osteguin was cleared for light duty and returned to work. Because no light duty was available at the repair facility, he returned to his job as a laborer. Then, on November 16, 1993, Osteguin suffered a second injury, again while cleaning the deck of a locomotive but this time wearing rubber boots. As he attempted to unclog the deck's drain prior to washing the deck, Osteguin slipped and fell, re-injuring his back. Although he returned to work for a short

---

[1]The "deck" of the locomotive is essentially the oil pan, and is sometimes referred to as a "sump" or "plate." Appellee's Answer Br. at 2 & n.1.

[2]At trial, Osteguin testified that he did not remember how he burned his foot, but that it is impossible to wash the deck without getting water on your feet. Trial Tr. Vol. I, Tab 3 at 6-7, 15-16. Pablo Mascarenas, the chairman of Osteguin's local union, testified in his deposition that Osteguin told him he was washing a part and got distracted, and the wand came right over his boot. Trial Tr. Vol. II, Tab 16 at 8, 12.

period after the accident, Osteguin now asserts that his medical condition prevents him from continuing in his job as a laborer.

Mr. Osteguin brought an action against the railroad under the Act, asserting that the railroad negligently caused the 1992 injury by failing to provide him with protective footwear such as rubber boots or booties,[3] and negligently caused the 1993 injury by failing to provide reasonably safe working conditions for the job of washing the locomotive deck. In response, the railroad raised the affirmative defense of contributory negligence and argued that Osteguin's own inattention caused his 1992 injury. As to the 1993 injury, the railroad admitted that the job of cleaning the locomotive deck was dangerous but asserted there was no better way to perform the job, and alleged that Osteguin's own inattention and failure to work in a careful manner caused the injury.

The case was tried to a jury, and, at the close of all evidence, Osteguin moved for judgment as a matter of law on the affirmative defense of contributory negligence as to the 1993 incident and objected to the jury being instructed on that defense as to the 1993 injury, arguing that the railroad had provided insufficient evidence to justify submitting the issue to the jury. The district court denied the motion and overruled Osteguin's objection. The court also rejected

---

[3]Although the railroad did provide rubber booties to employees cleaning the locomotive decks, Osteguin asserts that none would fit over his size 12 boots. Appellant's Br. at 5, 28.

Osteguin's proposed jury instructions regarding assumption of the risk and negligent job assignment.

Thereafter, the jury returned a verdict on a special verdict form, a copy of which is attached hereto. The jury found that the railroad was not negligent in either the 1992 or the 1993 incident, and answered no questions on the verdict form concerning causation or contributory negligence. After the jury returned its verdict, Osteguin moved for a new trial pursuant to Fed. R. Civ. P. 59, which the district court denied in September 1996. Osteguin filed a timely notice of appeal.

On appeal, Osteguin asserts that the district court committed reversible error in (1) instructing the jury on the issue of contributory negligence as to the 1993 incident; (2) refusing Osteguin's tendered instruction that assumption of risk is not a defense in FELA cases; (3) admitting the hearsay opinion of a nontestifying witness in the guise of expert testimony regarding the interpretation of MRI films of Osteguin's injury; and (4) refusing Osteguin's tendered instruction that the railroad knew or should have known that its work assignment of Osteguin exposed him to an unreasonable risk of harm.

**DISCUSSION**

The district court's decision on a new trial motion is reviewed under an abuse of discretion standard. Weese v. Schukman, 98 F.3d 542, 549 (10th Cir. 1996) (noting, however, that "when the district court's decision [on a new trial

motion] turns on an issue of law, we review the district court's determination on that question de novo"). We review decisions to admit or exclude evidence for abuse of discretion. K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1155 (10th Cir. 1985). We also review a district court's decision to give a particular jury instruction for abuse of discretion, United States v. Wolny, ___ F.3d ___, No. 96-4169, 1998 WL 2480, at *8 (10th Cir. Jan. 6, 1998); ultimately, however, we apply a de novo standard of review to determine the propriety of an individual jury instruction to which objection was made at time of trial. United States v. Scarborough, 128 F.3d 1373, 1377 (10th Cir. 1997).

We are unpersuaded by Osteguin's first three arguments. The jury specifically found that the railroad was not negligent; thus, even if one were to assume that the district court erred in instructing the jury as to contributory negligence, in rejecting Osteguin's tendered instruction regarding assumption of the risk, or in admitting the MRI testimony, Osteguin has suffered no prejudice—hence, these three alleged errors are harmless.[4]   See  United States v.

---

[4]Because the special verdict form was divided into clearly articulated subparts, there is no reason to question the common sense assumption that the jury proceeded logically to answer the questions in order, following the judge's instruction. See United States v. Hatatley, 130 F.3d 1399, 1405 (10th Cir. 1997) ("When reviewing a challenge to jury instructions, we consider the instructions as a whole and presume the jury followed those instructions."). Osteguin's assertion that the jury could not accurately answer the question of the railroad's negligence because it was confused by the inclusion of inappropriate instructions is not supported by any authority directly on point. See

(continued...)

Harmon, 996 F.2d 256, 258 (10th Cir. 1993) ("An erroneous jury instruction requires reversal only if, after review of the record as a whole, we determine the error to have been prejudicial."(quotation omitted)); K-B Trucking Co., 763 F.2d at 1156 (stating that even if the district court abuses its discretion by erroneously admitting particular evidence, the error is harmless if it does not prejudicially affect a substantial right of the party asserting error); see also Fed. R. Civ. P. 61.

Similarly, Osteguin's last argument, that the court erroneously rejected his tendered jury instruction that the railroad knew or should have known its work assignment of Osteguin exposed him to an unreasonable risk of harm, fails. Osteguin argues that the railroad negligently assigned him to work in both the 1992 and the 1993 incidents. Appellant's Br. at 28-29. First, as to the 1992 incident, Osteguin asserts that it was negligent for the railroad to assign him the job of cleaning the locomotive deck without providing him protective footwear. Id. It is clear, however, that Osteguin suffered no prejudice by the court's rejection of his tendered instruction. In order to find that the railroad unreasonably assigned him this job without rubber boots or booties, the jury would have had to first find that it was unreasonable not to provide protective

---

[4](...continued)
Appellant's Br. at 15-16.

footwear for this job.  The jury squarely rejected this argument when it found the railroad not negligent.  See Appellant's App. at 35, 43, 87-88.

Second, as to the 1993 incident, Osteguin argues that the railroad negligently assigned him to return to work on the deck despite his injured back.  Appellant's Br. at 29.  Osteguin failed to raise this issue at trial, however, see Appellant's App. at 322, and therefore, we decline to address the issue on appeal.  See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992); Fed. R. Civ. P. 51.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

# SPECIAL VERDICT

We the jury duly empaneled and sworn to try the above entitled case unanimously find as follows:

## APRIL 3, 1992, OCCURRENCE

QUESTION NO. 1: On or about April 3, 1992, was Southern Pacific Transportation negligent in one or more of the particulars alleged by the plaintiff, Juan Osteguin?

_____ Yes      _____X_____ No

If you have answered "No" to Question No. 1, go to Question No. 7. If you have answered "Yes" to Question No. 1, please proceed to Question No. 2.

QUESTION NO. 2: Did the negligence of Southern Pacific Transportation cause or contribute to injury or damage to Juan Osteguin?

_____ Yes      _____ No

If you have answered "No" to Question No. 2, go to Question No. 7. If you have answered "Yes" to Question No. 2, please proceed to Question No. 3.

QUESTION NO. 3: On April 3, 1992, was the plaintiff Juan Osteguin contributorily negligent?

_____ Yes      _____ No

If you have answered "No" to Question No. 3 and "Yes" to Question Nos. 1 and 2, please proceed to Question No. 6. If you have answered "Yes" to Question 3, please proceed to Question No. 4.

QUESTION NO. 4: Did the contributory negligence of Juan Osteguin cause or contribute to injury or damage to him?

_____ Yes      _____ No

If you have answered "No" to Question No. 4, go to Question No. 6. If you have answered "Yes" to Question No. 4, please proceed to answer Question No. 5.

QUESTION NO. 5: Taking as 100% the combined negligence of all parties you find were negligent on April 3, 1992, and whose negligence was a cause of any of the plaintiff's injuries, damages or losses, what percentage of negligence for the occurrence on April 3, 1992, if any, was that of the defendant, Southern Pacific Transportation, and of the plaintiff, Juan Osteguin?

ANSWER:

Percentage attributable to Southern Pacific          _____%

Percentage attributable to Juan Osteguin          _____%

Must total                                    100%

Please proceed to the next question.

QUESTION NO. 6: What amount, if any, do you find without any reduction for negligence, if any, on the part of Juan Osteguin will fairly and adequately compensate Juan Osteguin for any injury or damages he received in the occurrence on April 13, 1992?[5]
$ _____

Please proceed to Question No. 7.

**NOVEMBER 16, 1993, OCCURRENCE**

QUESTION NO. 7: On November 16, 1993, was defendant Southern Pacific Transportation negligent in one or more of the particulars alleged by the plaintiff, Juan Osteguin?
_____ Yes          ___X___ No

---

[5]Mistaken date in original.

If you have answered "No" to Question No. 7, please sign the Special

Verdict and announce to the bailiff that you have reached a verdict. If you have

answered "Yes" to Question No. 7, please proceed to Question No. 8.

QUESTION NO. 8: Did the negligence of defendant Southern Pacific Transportation cause or contribute to injury or damage to plaintiff Juan Osteguin?

_____ Yes _____ No

If you have answered "No" to Question No. 8, please sign the Special

Verdict and announce to the bailiff that you have reached a verdict. If you have

answered "Yes" to Question No. 8, please proceed to Question No. 9.

QUESTION NO. 9: On November 16, 1993, was the plaintiff Juan Osteguin contributorily negligent?

_____ Yes _____ No

If you have answered "No" to Question No. 9 and "Yes" to Question Nos. 7

and 8, please proceed to Question No. 12. If you have answered "Yes" to

Question No. 9, please proceed to Question No. 10.

QUESTION 10: Did the contributory negligence of Juan Osteguin cause or contribute to injury or damage to him?

_____ Yes _____ No

If you have answered "No" to Question No. 10 and "Yes" to Questions 7 &

8, please proceed to Question No. 12. If you have answered "Yes" to Question

No. 10, please proceed to answer Question No. 11.

QUESTION NO. 11: Taking as 100% the combined negligence of all parties you find were negligent on November 16, 1993 and whose negligence was a cause of any of the plaintiff's injuries, damages or losses, if any, what percentage of negligence, if any, was that of the defendant Southern Pacific Transportation and of the plaintiff Juan Osteguin?

ANSWER:

Percentage charged to Southern Transportation    _____%

Percentage charged to Juan Osteguin    _____%

Must Total    100%

Please proceed to the next question.

QUESTION NO. 12:  What amount do you find without reduction for negligence, if any, on the part of the plaintiff, will fairly and adequately compensate Juan Osteguin for any injury or damages he received in the occurrence on November 16, 1993?
$ _____

Appellant's App. at 87-90.