MURPHY, Circuit Judge,
concurring.
I concur in the result but depart from the reasoning of the majority decision insofar as it relies on Plaintiffs’ purported waiver of a trial objection to Instruction 14 on the grounds of proximate cause. It is clear from the record that Plaintiffs objected to Instruction 14 on the grounds of causation, arguing that even if Travis violated Oklahoma motor vehicle law, such a violation was irrelevant in determining negligence. The majority decision reasons that the district court did not understand Plaintiffs’ objection to be on the grounds of proximate cause. Certainly the failure of the district court to articulate an understanding of an objection is not the test for preservation of the objection. See Comcoa, Inc. v. NEC Telephones, Inc., 931 F.2d 655, 660 (10th Cir.1991). Moreover, Defendants’ failure to assert on appeal waiver of a proximate cause objection may well constitute a waiver itself or an acknowledgment that Plaintiffs’ objection was at least minimally sufficient. At any rate, there should be mutuality in the application of the waiver doctrines lest the court find itself making an unarticulated argument for one party but not the other. See Rodriguez v. IBP, Inc., 243 F.3d 1221, 1227 (10th Cir.2001) (reasoning that the court will not make arguments for a party that it did not make for itself on appeal).[1]
A “district court’s decision to give a particular jury instruction [is reviewed] for abuse of discretion; ultimately, however, we apply a de novo standard of review to determine the propriety of an individual jury instruction to which objection was made at time of trial.” Osteguin v. S. Pac. Transp. Co., 144 F.3d 1293, 1295 (10th Cir.1998) (citation omitted); see also O’Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1256 (10th Cir.2001). This court must determine whether the jury instruc *455 tions viewed as a whole “properly stated the applicable law and directed the jury to consider matters within its province.” Gardetto v. Mason, 100 F.3d 803, 816 (10th Cir.1996).
The district court instructed the jury as follows:
In addition to the duty to exercise ordinary care there are also duties imposed by statutes. If you find that either party violated any one of the statutes and the violation was the direct cause of the accident, then such violation in and of itself would make such person negligent.
The violation of a statute is to be deemed negligence per se if the accident (A) was caused by the statute’s violation, (B) was of the type intended to be prevented by the statute and (C) the plaintiff or defendant was one of the class meant to be protected by the ordinance.
There was in force and effect in Oklahoma at the time of the occurrence the following pertinent statutes:

Okla. Stat. tit. b.7, § 1151

(E) Self-propelled or motor-driven cycles, known and commonly referred to as “minibikes” and other similar trade names, shall not be registered under the provisions of the Oklahoma Vehicle License and Registration Act or be permitted to be operated on the streets or highways of this state- The provisions of this subsection shall also apply to those motor-driven or operated vehicles known as “all-terrain vehicles,” which are manufactured principally for use off the roads....
Plaintiffs argue if Travis had been on the road for an agricultural purpose, his conduct would have been lawful under Okla. Stat. tit. 47, § 11^406 (permitting the use of “implements of husbandry” on Oklahoma roadways other than highways). Because, under this theory, Travis’ unlawful purpose for being on the road did not contribute to the accident, there was no causal connection between Travis’ violation of Oklahoma law and his death. Therefore, plaintiffs argue, the district court erred in instructing the jury that they could consider Travis’ violation of Okla. Stat. tit. 47, § 1151 in determining whether he was negligent.
Under Oklahoma motor vehicle law, ATVs are generally prohibited on Oklahoma’s streets and highways. See Okla. Stat. tit. 47, § 1151(E). Section 11-406 provides for a narrow exception to this general prohibition for “implements of husbandry” driven on roadways other than highways. Okla. Stat. tit. 47, § 11^406. Contrary to Plaintiffs’ argument, the ATV operator’s purpose in driving on a roadway does not determine whether the ATV operator violated § 1151. Rather, the mere act of driving an ATV on a street or highway is a violation of § 1151. The ATV operator’s purpose is relevant only to determine whether his otherwise unlawful conduct is deemed lawful under the narrow exception in § 11-406. To adopt Plaintiffs’ proposed interpretation of Oklahoma law would render the general prohibition of ATVs on Oklahoma streets and highways in § 1151 meaningless. See TWA v. McKinley, 749 P.2d 108, 110 (Okla.1988) (holding when two statutes cover the same general subject, the statutes are “construed together in order to arrive at the legislative intent in any particular section”).
Because the jury could have found that Travis’ presence on the road in violation of § 1151 contributed in part to his death, the district court did not err in instructing the jury that they could consider Travis’ violation of Oklahoma law in determining whether he was negligent. Moreover, the instructions informed the jury that they *456 were to consider whether the violation of Oklahoma motor vehicle law caused Plaintiffs’ injury. Accordingly, the jury instructions were proper.

. The majority decision concludes that Plaintiffs' alleged waiver of a trial objection should be enforced despite Defendants' failure to raise the waiver on appeal. As support for its conclusion to ignore Defendants' waiver, tire majority decision concludes “[a]ll waivers are not equal” and reasons that “Plaintiffs ask us to order a costly and burdensome retrial based on their failure to adequately bring the issue to the district court's attention.” Such an argument is unpersuasive, however, because Plaintiffs are ultimately unsuccessful on this issue, obviating any need to order a retrial.