**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORMA A. WOFFORD,

Plaintiff-Appellant,

v.

JAMIE BONILLA, individually,

Defendant-Appellee.

No. 08-7069
(D.C. No. 6:07-CV-00013-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff Norma A. Wofford was injured in a traffic accident while riding as

a passenger in a minivan that collided with a tractor-trailer driven by defendant

Jamie Bonilla. A jury found that Mr. Bonilla was not negligent, and the district

court entered judgment in his favor. Ms. Wofford appeals, arguing that the

district court improperly instructed the jury on passenger negligence. We have

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291.  Because we conclude that any alleged error concerning the court's passenger-negligence instruction was harmless, we affirm.

**I**

Ms. Wofford was riding in the front passenger seat of a minivan driven by Betty Reese.  Ms. Reese stopped behind another car at the intersection of Choctaw Road and Highway 69 in Durant, Oklahoma.  The intersection is normally controlled by a standard overhead traffic signal, but due to an earlier accident, the traffic signal was flashing yellow for traffic on Highway 69 and red for traffic on Choctaw Road.  In addition, traffic on Choctaw Road in Ms. Reese's direction of travel was controlled by two stop signs, one on either side of the road, and a flashing, temporary message board indicating that the cross-traffic on Highway 69 did not stop.  When the car in front of Ms. Reese started across Highway 69, she followed.

Mr. Bonilla was driving his tractor-trailer on Highway 69, which is a four-lane, divided road, and collided with the minivan.  Ms. Wofford sustained serious injuries.  She filed this diversity suit, asserting a claim of negligence against Mr. Bonilla.  Her theory of negligence was that, as Mr. Bonilla approached the intersection in the right-hand lane behind another truck, he saw Ms. Reese's minivan and noticed that she was not looking in his direction.  He changed lanes and could no longer see the minivan because of the other truck.

Also, Ms. Wofford contended that he was driving too fast for conditions and took improper evasive actions.

At trial, Ms. Reese took responsibility for the accident, testifying that while stopped at the intersection, she was talking and laughing with Ms. Wofford, which distracted her from the flashing red light, the stop signs, and the message board. Ms. Wofford denied this. Mr. Bonilla requested an instruction on the duty of a passenger. In pertinent part, it stated that a passenger has a duty to "warn the driver of a dangerous condition." Aplt. App., Vol. I, at 72. The district court, apparently based on its determination that there was no evidence that Ms. Wofford was aware of a dangerous situation and failed to warn Ms. Reese, presented a slightly different instruction at the instruction conference. The court's instruction substituted the phrase "refrain from distracting the driver" for the phrase "warn the driver of a dangerous condition." *Id.* at 115 (Instruction No. 22). Ms. Wofford objected to both the instruction Mr. Bonilla had proposed and the version that the court drafted and ultimately gave to the jury.

The court also provided the jury with a two-part verdict form. In the first part, the jury was asked to find in favor of either Ms. Wofford or Mr. Bonilla on the negligence claim. The second part asked the jury to determine the contributory negligence of Mr. Bonilla, Ms. Reese, and Ms. Wofford. The verdict form instructed the jury to complete part two only if it found in favor of Ms. Wofford in part one. It also instructed the jury that if it found in favor of

Mr. Bonilla in part one, it was to sign and date the form. The jury found in favor of Mr. Bonilla in part one and did not complete part two. Ms. Wofford has taken this appeal.

## II

Ms. Wofford argues that because there is no Oklahoma law recognizing that a passenger has a duty to refrain from distracting the driver of a car, the district court's contributory negligence instruction was flawed. She also contends that the district court should not have given any contributory negligence instruction at all because, as the court itself concluded, there was no evidence that Ms. Wofford was aware of a dangerous condition and failed to warn Ms. Reese, as required under Oklahoma law. We need not reach these issues, however, because we agree with Mr. Bonilla that even if Instruction No. 22 is substantively incorrect, giving it to the jury was harmless error.[1]

When an objection is raised at trial to a jury instruction, we apply a de novo standard of review. *See Osteguin v. S. Pac. Transp. Co.*, 144 F.3d 1293,

---

[1] The Oklahoma Supreme Court, expressing concern about confusion stemming from a contributory negligence instruction when there is no evidence of such negligence, has held that "instructing the jury on contributory negligence [is] not harmless error when there [is] no direct evidence or reasonable inference that the passenger was negligent." *Snyder v. Dominguez*, 202 P.3d 135, 137 (Okla. 2008). As noted below, however, whether giving a substantively incorrect instruction is harmless error is governed by federal procedural law, so *Snyder* does not preclude harmless error analysis of the instruction as given, nor does it require us to determine whether there was adequate evidence that Ms. Wofford was negligent in some other respect under Oklahoma law.

-4-

1295 (10th Cir. 1998). "A determination of the substance of a jury instruction in a diversity case is a matter of state law," but "the question of whether an incorrect instruction given in a diversity case is prejudicially erroneous is governed by federal procedural law." *Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir. 1984); *see also Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Continental Ins. Co.*, 891 F.2d 772, 778 (10th Cir. 1989) (holding that under *Brownlow*, "the question of whether an error [in giving an erroneous jury instruction] is harmless is one of federal law"). Under federal procedural law, "[w]e reverse an erroneous jury instruction only when we have substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1454 (10th Cir. 1997). And in the course of our analysis, "we consider all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duties to determine these issues." *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1365 (10th Cir. 1994) (quotation omitted).

After examining the jury instructions in their entirety, we do not harbor any substantial doubt that they properly guided the jury in its task to determine whether Mr. Bonilla was negligent to some degree. A number of instructions helped define that task, but two are most significant for present purposes. The first, Instruction No. 16, informed the jury that "[t]here may be more than one

-5-

direct cause of an injury. When an injury is the result of the combined negligence of two or more persons, the conduct of each person is a direct cause of the injury regardless of the extent to which each contributes to the injury." Aplt. App., Vol. I at 106. The second instruction, Instruction No. 29 told the jury in pertinent part, "If you find . . . that any damages to [Ms.] Wofford were not caused by the negligence of [Mr.] Bonilla, . . . then you must return a verdict in favor of [Mr.] Bonilla and against [Ms.] Wofford by so indicating in Part I of the verdict form provided to you." *Id.* at 122. Instruction No. 29 continued:

> If you find . . . that any damages to [Ms.] Wofford were caused by the negligence of [Mr.] Bonilla, then you must determine the percentage of negligence of [Mr.] Bonilla, the percentage of negligence of non-party Betty Reese[,] and the percentage of negligence of [Ms.] Wofford in Part II of verdict form provided to you.

*Id.*

These instructions made it clear that the jury could find Mr. Bonilla negligent even if it also found Ms. Wofford negligent. Together with the verdict form, the jury's task was laid out in discrete steps. The jury was first to determine whether Mr. Bonilla was negligent, under the standards aptly outlined in other instructions, and then consider contributory negligence on Ms. Wofford's part only if the jury found Mr. Bonilla negligent in some respect. The jury found in favor of Mr. Bonilla, so it had no occasion to reach the issue of Ms. Wofford's duty as a passenger and the relationship between any breach of that duty and her

-6-

contributory negligence. In such circumstances, we assume the jury found that Mr. Bonilla was not negligent independent of its consideration of any contributory negligence on the part of Ms. Wofford; therefore, any error in giving Instruction No. 22 was harmless. *See Osteguin*, 144 F.3d at 1296 & n.4. (considering alleged error in giving instruction on contributory negligence harmless under similar circumstances, noting that "there is no reason to question the common sense assumption that the jury proceeded logically to answer the questions in order"). Moreover, we do not think that the reference to a passenger's duty to "refrain from distracting the driver" in Instruction No. 22 "misled [the jury] in any way" or caused it to misunderstand "the issues and its duties to determine these issues." *Considine*, 43 F.3d at 1365. We are of the opinion that Instruction No. 22, viewed in the context of all the instructions as well as the verdict form, did not mislead the jury into thinking that it could find in favor of Mr. Bonilla simply because Ms. Wofford did not "refrain from distracting" Ms. Reese, regardless of whether Ms. Wofford had such a duty under Oklahoma law.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-7-