FILED
United States Court of Appeals
Tenth Circuit

January 24, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KAREN HENNING, as Administrator
of the Estate of Derek Shockey,
Deceased,

    Plaintiff–Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY,

    Defendant–Appellee.

No. 11-7021

(D.C. No. 6:04-CV-00044-KEW)

(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **HOLMES**, Circuit Judges.

---

This is an appeal from the district court's denial of Plaintiff's motion for a new trial on remand from an earlier appeal. On October 27, 2002, Derek Shockey was killed when the car he was driving collided with one of Defendant's trains. Mr. Shockey was fifteen years old at the time of his death. His estate sought damages on various claims of negligence.[1] The federal jury returned a verdict for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Teresa Henning was Mr. Shockey's mother. Ms. Henning passed away

(continued...)

Defendant, and the district court denied Plaintiff's motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure.

On appeal, we held that the district court erroneously applied the more stringent standard for judgment as a matter of law—Federal Rule of Civil Procedure Rule 50(b)—rather than the standard for a motion for new trial under Rule 59. *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1216 (10th Cir. 2008). We then concluded this error was not harmless because the district court could have permissibly granted a new trial based on Plaintiff's contention that the district court erred by admitting evidence of Mr. Shockey's age and lack of permission to drive the car. Under the majority rule, which Oklahoma follows, "the lack of a license is not relevant to whether a driver was negligent at the time of the accident." *Id.* at 1218. Although the district court did not permit Defendant to directly offer such evidence, it did permit Defendant to offer evidence that Mr. Shockey had just turned fifteen years old and did not have his mother's permission to drive the car. We held this was error: "Evidence that Shockey was fifteen years old, combined with evidence that he was not permitted to drive the car, is the equivalent of evidence that he did not possess a valid driver's license." *Id.* We continued:

---

[1](...continued)
and her mother, Karen Henning, was substituted as the representative for the Estate.

The issue of Shockey's contributory negligence was a central aspect of the trial. Introducing Shockey's age in conjunction with evidence that he lacked permission to drive created the possibility that the jury relied on this impermissible basis to conclude he was negligent. Whether this error affected [Plaintiff's] substantial rights, and thus warrants a new trial, is a question we leave for the district court to consider on remand under the proper standard. There is record evidence that Shockey was driving over twenty miles an hour when his car collided with the train, a speed inconsistent with stopping at the crossing. Thus, the district court may conclude the jury did not improperly infer negligence from impermissible evidence. Based on the posture of the case, however, this is a determination that must be made by the district court, as it is "uniquely able to assess the likelihood that the [evidence] was prejudicial."

Id. at 1218-19 (quoting Mayhue v. St. Francis Hosp. of Wichita, Inc., 969 F.2d 919, 922 (10th Cir. 1992)) (second alteration in original).

On remand, the district court cited Sanjuan v. IBP, Inc., 160 F.3d 1291 (10th Cir. 1998), for the proposition that a jury verdict will not be set aside unless "'the error prejudicially affects a substantial right of a party.'" Henning v. Union Pac. R.R. Co., No. CIV-04-044-KEW, 2011 WL 782045, *2 (E.D. Okla. Feb. 28, 2011) (unpublished) (quoting Sanjuan, 160 F.3d at 1296). It further explained that evidence erroneously admitted "'can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result.'" Id. (quoting Sanjuan, 160 F.3d at 1296) (internal quotation marks omitted). Under these standards, the district court held "that the resulting jury verdict would not have been different had the evidence of Shockey's age and the lack of permission to use the vehicle at the time of the collision not been

presented to the jury." *Id.* In reaching this conclusion, the district court identified "other overwhelmingly strong evidence at trial" that supported the jury's verdict. *Id.* The district court therefore denied Plaintiff's motion for a new trial. Plaintiff then filed this appeal.

We review the district court's denial of a motion for a new trial for abuse of discretion. *Sanjuan*, 160 F.3d at 1296. We "will reverse the denial of a motion for a new trial only if the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1283 (10th Cir. 2003) (internal quotation marks omitted).

Although Plaintiff agrees this is the appropriate standard of review, she urges us to review the district court's denial of her motion for a new trial de novo because of the circumstances surrounding the issuance of the district court's order. Specifically, Plaintiff argues there is no indication in the district court's order that its decision was based on anything other than an "examination of a written record." (Appellant's Opening Br. at 32.) Accordingly, Plaintiff maintains "there is no reason the district court's findings should enjoy particular deference." (*Id.*) In support of this position, Plaintiff relies primarily on our decision in *United States v. Chanthadara*, 230 F.3d 1237 (10th Cir. 2000), in which we reviewed de novo the district court's decision to excuse a juror for cause based solely on the juror's written responses to a juror questionnaire. We

-4-

noted that while we ordinarily "review the district court's decisions concerning the seating or excusing of jurors for abuse of discretion," our heightened deference "is based almost exclusively on the trial judge's unique ability to observe demeanor and assess credibility." *Id.* at 1269. Because the district court's decision was based solely on the written response to the questionnaire and it, therefore, had no opportunity to observe the juror's demeanor and credibility, we concluded it was appropriate to review the district court's decision de novo. *Id.* at 1270.

Unlike the district court in *Chanthadara*, here, the district court was in a unique position to assess the prejudicial nature, if any, of the erroneously admitted evidence; the district court presided over the four-day jury trial and heard the testimony of, and observed, the approximately thirty witnesses who testified. Indeed, this was precisely the reason we remanded for the district court to determine whether the erroneously admitted evidence prejudicially affected Plaintiff's substantial rights. *Henning*, 530 F.3d at 1218-19 ("Based on the posture of the case, however, this is a determination that must be made by the district court, as it is uniquely able to assess the likelihood that the [evidence] was prejudicial." (internal quotation marks omitted) (alteration in original)). There is, therefore, no reason to depart from our well-established precedent that we review a district court's denial of a motion for a new trial for abuse of discretion. We decline to impose a formalistic requirement that, for a district

court to be entitled to this level of deference, it must explicitly state its decision is based on, or informed by, its experience and observations during trial.

We now turn to the merits of Plaintiff's appeal. Plaintiff first argues that even though the district court stated the proper standard for evaluating her motion for a new trial in its most recent order, it nevertheless again applied the incorrect, and more stringent, Rule 50 standard. Specifically, Plaintiff argues the fact the district court only cited evidence favoring Defendant demonstrates that the district court's order is based on an evaluation of the evidence viewed in the light most favorable to Defendant, as is required under Rule 50, and was applied in the initial order denying Plaintiff's motion for a new trial. However, Plaintiff is unable to identify any portion of the district court's order which indicates it evaluated the evidence in this manner or applied a different standard than what it stated. To the contrary, the district court's order mirrored our opinion in its discussion of both the scope and purpose of remand and the appropriate standard to be applied to a motion for a new trial, indicating it fully understood our mandate. Furthermore, the district court's order makes clear it followed our mandate—after evaluating the testimony and evidence it had observed during trial, the district court concluded there was "overwhelmingly strong evidence" on seven issues that supported the jury's determination Defendant was not negligent. Short of the district court explicitly evaluating each piece of evidence and justifying its decision on the weight to assign each piece, it appears Plaintiff

would not be satisfied the district court had properly applied the standard for a Rule 59 motion for a new trial. Again, we decline to impose such a formalistic requirement on the district courts.

Plaintiff alternatively argues that even if the district court applied the appropriate standard, its conclusion—that the other evidence was sufficiently strong that it could not be reasonably concluded the jury verdict would have been different had evidence of Mr. Shockey's age and lack of permission to drive not been admitted—was clearly erroneous. In support of this argument, Plaintiff details the testimony and evidence she introduced that contradicted what the district court described as "overwhelmingly strong evidence" favoring Defendant. She argues that in light of this conflicting evidence and the district court's failure to address and reconcile the conflict, the denial of her motion for a new trial was clearly erroneous.

"We give the trial judge wide latitude with respect to [Plaintiff's] motion for a new trial because [s]he was uniquely able to assess the likelihood that the extraneous information was prejudicial." *Mayhue*, 969 F.2d at 922. Indeed, "[t]he trial judge presided over the proceedings from start to finish; thus, [s]he knows better than we how the [evidence of Mr. Shockey's age] might have diverted the jurors' attention away from the theories presented at trial and the instructions that were to govern their deliberations." *Id*. This is precisely the reason we remanded for the district court to determine whether a new trial was

warranted.

After carefully reviewing the record and the parties' various filings on appeal, we see no error in the district court's decision. Indeed, we previously noted there was evidence in the record from which "the district court may conclude the jury did not improperly infer negligence from impermissible evidence." *Henning*, 530 F.3d at 1218. The district court reached this very conclusion, but only after reviewing all of the evidence in the record, taking into consideration its experiences and observations during trial, and identifying seven issues on which there was "overwhelmingly persuasive" evidence favoring Defendant. *Henning*, 2011 WL 782045 at *2. Although Plaintiff offered conflicting evidence during trial, on which she focuses our attention, that evidence is not so clearly on point and irrefutable as to render the district court's conclusion beyond the "bounds of permissible choice." *Minshall*, 323 F.3d at 1283.

Furthermore, the fact that the jury unanimously found Defendant not liable and therefore never reached the issue of Mr. Shockey's contributory negligence supports the district court's conclusion that the verdict would not have been different had the evidence of Mr. Shockey's age and his lack of permission to drive not been presented to the jury. Because the jury instructions made clear the jury could find Defendant negligent even if it also found Mr. Shockey negligent, the verdict form set out the jury's task in discrete steps, and the jury found

Defendant not to be negligent, we "assume the jury [did so] independent of its consideration of any contributory negligence on the part of [Mr. Shockey]." *Wofford v. Bonilla*, 326 F. App'x 475, 478 (10th Cir. 2009). Thus, concern that the erroneous admission of evidence of Mr. Shockey's age and lack of permission to drive—which related to the issue of Mr. Shockey's contributory negligence and not Defendant's negligence—prejudiced Plaintiff's substantial rights is significantly diminished, if not eliminated. *See, e.g.*, *Allen v. Minnstar, Inc.*, 97 F.3d 1365, 1369 (10th Cir. 1996) (explaining any error in admitting evidence of misuse was harmless in part because "the jury responded 'NO' to the first question on the verdict form, which asked whether the boat was unreasonably dangerous. This negative response to the first question ended the deliberations, and the jury never reached the issue of whether plaintiff had misused the boat"); *Osteguin v. S. Pac. Transp. Co.*, 144 F.3d 1293, 1295 (10th Cir. 1998) ("The jury specifically found that the railroad was not negligent; thus, even if one were to assume that the district court erred in instructing the jury as to contributory negligence, . . . [the plaintiff] has suffered no prejudice . . . ."). Accordingly, the district court did not abuse its discretion when it held that its earlier error did not "prejudicially affect[] a substantial right of [Plaintiff]." *Sanjuan*, 160 F.3d at 1296.

For the foregoing reasons, we **AFFIRM** the district court's denial of Plaintiff's motion for a new trial.

Entered for the Court


Monroe G. McKay
Circuit Judge